117 F.3d 1427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nery Jesus VALLADARES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70602, Adj-olm-rqj.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 24, 1997.
 
 1
 Before: GOODWIN, SCHROEDER, and TASHIMA, C.J.
 
 
 2
 MEMORANDUM*
 
 
 3
 Nery Jesus Valladares, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny petition.[1]
 
 
 4
 We review the BIA's factual findings underlying the denial of asylum and withholding of deportation for substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The BIA's decision must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id.
 
 
 5
 To be eligible for a discretionary grant of asylum, the petitioner must demonstrate he has suffered past persecution, or has a well-founded fear of future persecution. See 8 U.S.C. § 1101(a)(42)(A). The petitioner must show "by credible, direct, and specific evidence in the record", facts supporting a reasonable fear of persecution on account of his race, religion, nationality, membership in a particular social group or his political opinion. See Aguilera-Cota v. INS, 914 F.2d 1375, 1378-79 (9th Cir.1990). To seek asylum based on imputed political opinion, the petitioner must show that the persecution occurred because of a political opinion attributed to him by his persecutors, and that the persecution was "on account of" the imputed political opinion. See Elias-Zacarias, 502 U.S. at 482-83.
 
 
 6
 Valladares contends that the BIA erred by finding that he had not shown a well-founded fear of persecution on account of imputed political opinion. We disagree.
 
 
 7
 At the deportation hearing, Valladares testified that he worked as a policeman with the national police in El Salvador. While he was off duty, approximately ten guerrillas came to his house, beat him and threatened him "that if [he] did not get out from where [he] was, they were going to kill [him] or [his] family." As a result, Valladares moved to another town where guerrillas attacked his police post, but did not direct the threats at him individually. Valladares stated he was afraid he would be killed if he returned to El Salvador.
 
 
 8
 The BIA's finding that Valladares has not demonstrated a well-founded fear of persecution is supported by substantial evidence. See Elias-Zacarias, 502 U.S. at 481. Valladares did not present evidence that he was harmed by the guerillas on account of any of the enumerated grounds. See id. Valladares was attacked because he was a member of the National Police and was engaged in an armed struggle with the guerillas. Cf. Montecino v. INS, 915 F.2d 518, 520 (9th Cir.1990) (holding that threat to former soldier of Salvadoran army who returned to civilian life constitutes the basis for a well-founded fear of persecution).
 
 
 9
 Because Valladares failed to demonstrate a well founded fear of persecution he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 10
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Respondent's motion to supplement the administrative record is granted. The supplement to the certified record on appeal, received on June 5, 1997, is ordered filed